UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Wayne BREWER,
Defendant-Appellant.

No. 84–5347.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1985.

Decided Feb. 19, 1986.

Thomas K. Buck, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Brad B. Brian, Los Angeles, Cal., for defendant-appellant.

Before CHAMBERS, SKOPIL and CAN-BY, Circuit Judges.

CANBY, Circuit Judge:

Robert Wayne Brewer appeals from his conviction, after a jury trial, on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). Brewer contends: (1) that the trial court erroneously excluded the expert testimony of a forensic anthropologist: (2) that the trial court erred in not appointing an expert witness on the unreliability of eyewitness identifications and abused its discretion in excluding that expert's proffered testimony; and (3) that the trial court should have granted a new trial on the ground that the jury used a magni-

fying glass to examine some of the evidence.

## DISCUSSION

### 1. *Forensic Anthropologist's Expert Testimony*

Brewer contends that the trial court erroneously believed that the forensic anthropologist's proffered testimony was inadmissible, as a matter of law, because the expert could not opine conclusively that Brewer was not the robber pictured in the surveillance photographs. We disagree. The trial court permitted the government to examine Dr. Heglar in a voir dire. At the close of the voir dire, the trial court exercised its broad discretion to exclude expert testimony. *United States v. Marabelles,* 724 F.2d 1374, 1381 (9th Cir.1984). Dr. Heglar's inability to give a definite opinion merely contributed to the trial court's conclusion that this testimony would not be helpful to the jury. The trial court believed that the untrained jury could compare the photographs of the robber with those of Brewer without the special assistance of an expert. The trial court should not admit expert testimony if it will not be helpful to the jury. Fed.R.Evid. 702. We conclude that the trial court's ruling on this evidence was not manifestly unreasonable and accordingly uphold the ruling. *United States v. Marabelles,* 724 F.2d at 1381.

### 2. *Expert Eyewitness Testimony*

Brewer next contends that the trial court should have appointed Dr. Shomer, an expert on the defects in eyewitness identifications, to assist in the preparation of his defense pursuant to 18 U.S.C. § 3006A(e)(1). The statute requires the court to authorize defense services for indigent defendants "when the defense attorney makes a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them." *United States v. Bass,* 477 F.2d 723, 725 (9th Cir.1973) (*citing United*

*States v. Theriault,* 440 F.2d 713, 716–17 (5th Cir.1971) (Wisdom, J., concurring), *cert. denied,* 411 U.S. 984, 93 S.Ct. 2278, 36 L.Ed.2d 960 (1973)). In addition, the defendant must show, by clear and convincing evidence, "the prejudice ... caused by the court's failure to appoint an expert." *United States v. Sims,* 617 F.2d 1371, 1375 (9th Cir.1980).

We have observed that cross-examination should be effective to expose any inconsistencies or deficiencies in eyewitness identifications. *United States v. Amaral,* 488 F.2d 1148, 1153 (9th Cir.1973). Brewer has not shown that "his cross-examination of the eyewitness[es] was any less effective without the services of the expert." *Sims,* 617 F.2d at 1375. Consequently, Brewer has not met his burden of showing actual prejudice caused by the failure to appoint his expert. In light of this conclusion, we do not consider whether a reasonable attorney, under the circumstances, would have retained this expert.

█ Brewer also contends that the court abused its discretion in excluding Dr. Shomer's proffered testimony. The trial court reasoned that the proffered testimony was not "needed in the case" because the jury could determine from observing the witnesses and from hearing their testimony on direct and cross-examination whether or not the witnesses were accurate in their perceptions of the robber. Fed.R. Evid. 702. The trial court's ruling is squarely supported by our decision in *Amaral,* 488 F.2d at 1152–54, where we upheld the exclusion of similar testimony.[1] Brewer has not shown, however, that this testimony was essential to expose any defects in the particular identifications. We conclude that the district court did not abuse its discretion in excluding this testimony.

*3. Jury Misconduct*

█ Brewer next contends that the court should have declared a mistrial because the jury used a magnifying glass, without court approval, to examine the photographic evidence. He argues that the magnifying glass was not admitted into evidence and that the jury's consideration of this "extrinsic evidence" constitutes reversible error.

We cannot accept the characterization of the magnifying glass used by the jury as extrinsic evidence. *Cf. United States v. Vasquez,* 597 F.2d 192 (9th Cir.1979) (conviction reversed when jurors had leafed through file containing inadmissible evidence, inadvertently left in jury room). There is no contention here that the jurors understood the magnifying glass itself to have any bearing on the case. We are unable to see how the use of the magnifying glass to view photographs differs from the use of corrective eyeglasses by jurors. We accordingly refuse to upset the verdict.

## CONCLUSION

In sum, the trial court did not abuse its discretion in excluding the expert testimony of the forensic anthropologist or in excluding the expert testimony of the psychologist. Brewer failed to show by clear and convincing evidence that his defense was prejudiced by the court's failure to appoint Dr. Shomer to assist in his pretrial preparation. Finally, the jury's use of the magnifying glass is not an adequate basis for ordering a new trial.

AFFIRMED.

---

1. For a view contrary to *Amaral, see United States v. Downing,* 753 F.2d 1224, 1229–30 (3d Cir.1985).