UNITED STATES of America,
Plaintiff-Appellee,

v.

Mack Arthur YOUNG,
Defendant-Appellant.

No. 86–2388.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 20, 1987.
Decided March 4, 1987.

William H. Dazey, Jr., Qualkinbush, O'Kelly & Dazey, Indianapolis, Ind., for defendant-appellant.

Melanie C. Conour, Gerald A. Coraz, Asst. U.S. Attys., John Daniel Tinder, U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before FLAUM and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

The defendant robbed a bank. He was subsequently indicted for violating 18 U.S.C. § 2113(a) and (d) (1982). He was tried by a jury and found guilty. On appeal he challenges certain pretrial detention procedures and alleges several errors in the trial itself. We reject the defendant's contentions and affirm his conviction.

I.

On November 19, 1982, a branch of the American Fletcher National Bank and Trust Company in Indianapolis, Indiana, was robbed of approximately $18,000. The bank was robbed by two men: one carrying a handgun concealed by a newspaper and the other carrying a sawed-off shotgun. The robber dropped the newspaper that he used to conceal the handgun. Subsequently, the police recovered a latent fingerprint from the front page of the newspaper and identified it as the defendant's left index fingerprint.

On May 20, 1983, the defendant and the other robber, Eddie Lee Spaulding,[1] were indicted in the Southern District of Indiana for armed robbery. This indictment was superseded on March 7, 1984 by a new indictment. On December 14, 1985, the defendant was arrested on state charges in Michigan under the name Edward Scott. He was identified by his fingerprints as Mack Arthur Young, and he was taken into federal custody.

On December 16, 1985, the defendant appeared, with counsel, before a magistrate in the United States District Court for the Eastern District of Michigan. At that time the defendant was advised of his rights under Federal Rule of Criminal Procedure 20.[2] Rule 20 provides that a defendant may transfer his or her case by pleading guilty in the district in which he or she is held, rather than the district in which the indictment was filed. At the hearing, the defendant was also advised of his rights under Rule 40.[3] Under Rule 40,

---

**1.** Eddie Lee Spaulding was tried by a jury and found guilty.

**2.** Rule 20 reads in part:

(a) **Indictment or Information Pending.** A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which he was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and the prosecution shall continue in that district.

Fed.R.Crim.P. 20(a) (1986).

**3.** Rule 40 provides in part:

(a) **Appearance Before Federal Magistrate.** If a person is arrested in a district other than that in which the offense is alleged to have been committed, he shall be taken without unnecessary delay before the nearest available federal magistrate. Preliminary proceedings concerning the defendant shall be conducted in accordance with Rules 5 and 5.1, except that if no preliminary examination is held because an indictment has been returned or an information filed or because the defendant elects to have the preliminary examination conducted in the district in which the prosecution is pending, the person shall be held to answer upon a finding that he is the person named in the indictment, information or warrant. If the defendant is held to answer, he shall be held to answer in the district court in which the prosecution is pending, provided that a warrant is issued in that district if the arrest was made without a warrant, upon production of the warrant or a certified copy thereof.

(b) **Statement by Federal Magistrate.** In addition to the statements required by Rule 5, the federal magistrate shall inform the defendant of the provisions of Rule 20.

"if a person is arrested in a distant district, then a hearing leading to a warrant of removal is held." Fed.R.Crim.P. 40, advisory committee notes. However, a Rule 40 hearing is not required if a defendant waives the hearing, or if an indictment is filed. *See* 3 C. Wright, Federal Practice and Procedure: Criminal § 642 at 559–60 (2d ed. 1982).

The Michigan district court continued the December 16 hearing to December 19, at which time it was to hold a Rule 40 hearing. However, no Rule 40 hearing was ever held; instead the defendant stated at the December 19 hearing, in open court, that he would plead guilty and agree to a Rule 20 transfer of the case from the Southern District of Indiana, where the indictment was filed, to the Eastern District of Michigan. After the defendant consented to the Rule 20 transfer, no Rule 40 removal hearing was required.

On January 16, 1986, the Michigan district court entered an order setting the defendant's case for a jury trial. The Michigan court's order was an error; the defendant had agreed to plead guilty and have the case transferred pursuant to Rule 20, so no trial was required.[4]

Apparently the reason that the defendant had agreed to the Rule 20 transfer was that the government had agreed to enter into plea negotiations. In February, 1986, however, it became apparent that the plea negotiations between the government and the defendant had reached an impasse. Consequently, on February 18, 1986, the parties entered into a stipulation. The document stipulated that the defendant agreed to be returned to the Southern District of Indiana and that the delay in the removal process during the Rule 20 proceedings (from December 16, 1985 until his return to Indiana) would fall within an exception to the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(1)(G) (1982), and therefore be excluded from the time limits contained in the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) (1982). The assistant United States attor-

ney signed for both himself and, with permission, for the defense counsel. This document was approved by the district court on February 21, 1986.

The defendant's case was returned to Indiana, and he appeared there before a magistrate on March 4, 1986, at which time an arraignment was scheduled for March 14, 1986. Trial was originally scheduled for April 14, 1986, but at defendant's request, was rescheduled for May 12, 1986.

On May 5, 1986, the defendant requested leave to file a motion to dismiss his indictment. The district court, on May 9, 1986, heard evidence on the defendant's motion and denied it. The court rendered formal findings of fact and conclusions of law relevant to this motion on May 13, 1986.

The defendant's trial commenced on May 12, 1986. On May 16, 1986, the jury returned a verdict of guilty. The district court sentenced the defendant, pursuant to 18 U.S.C. § 4205(a) (1982), to twenty years in prison.

## II.

On appeal, the defendant raises several objections to his pretrial detention. The defendant alleges that: his constitutional and statutory rights were violated due to the delay in his transfer from Michigan to Indiana; his constitutional and statutory rights were violated because he received no hearing pursuant to Rule 40; and he was deprived of his constitutional rights because the signature of his attorney on the stipulation was executed, with permission, by an assistant United States attorney. We reject the defendant's arguments.

## A.

Once the plea negotiations broke down, the defendant's attorney and the government had agreed to return the defendant to Indiana. For reasons not in the record, the defendant's attorney was not able to meet with the assistant United States attorney the day the stipulation was to be signed.

Fed.R.Crim.P. 40(a) & (b) (1986).

4. Had the defendant's case been transferred pursuant to Rule 21, then the Michigan district court's action would have been appropriate.

The defendant's attorney therefore requested that the assistant United States attorney sign the agreement for him. The assistant United States attorney complied; he signed the defense counsel's name and then placed his initials immediately following. The defendant attacks the validity of the stipulation because his counsel's name was signed by the assistant United States attorney.

■ We reject the defendant's position that counsel for the government, even if authorized by the defense attorney, may not act on behalf of the defendant's counsel in signing an agreement stipulating to certain legal conclusions. In this case, the government is not guilty of any wrongdoing or overreaching. The government did not forge the defense counsel's signature, nor did it dupe the defense counsel into signing the agreement. Thus, we conclude that the defendant's attorney could delegate to the assistant United States attorney the authority to place his signature on the stipulation.

■ However, even if the stipulation were invalid, we would still hold that no statutory violation of the defendant's rights occurred. Section 3161(c)(1) of Title 18 requires that the trial of a defendant charged in an indictment must commence within 70 days from the date the defendant appears before the judicial officer of the court where the charge is pending. Specifically excluded from the 70 days is a "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure." 18 U.S.C. § 3161(h)(1)(G) (1982). Defendant asserts that the delay in transferring him back to Indiana does not fall within the exclusion contained in 18 U.S.C. § 3161(h)(1)(G) (1982), and that when the district court in Michigan erroneously set his case for trial, that act made it the "court in which such charge is pending" for purposes of 18 U.S.C. § 3161(c)(1). This contention of the defendant is without merit, as the trial court in Michigan improperly set the case for trial. The district court in Michigan had authority pursuant to Rule 20 only to act upon the defendant's guilty plea, or return him to Indiana. Thus, the district court in Michigan was not the court in which the charge was pending. Furthermore, the delay caused by the Rule 20 proceedings, which the defendant instigated, is clearly excludable from the 70 day limit contained in the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(G) (1982).

■ The defendant's other challenge to his pretrial detention, that he received no removal hearing pursuant to Rule 40, is also without merit. A hearing was not required, because an indictment had been returned, and the defendant stated at the December 19 hearing that he was the person named in the indictment. Moreover, at the December 19 hearing the defendant expressly waived his right to a Rule 40 hearing.

### III.

The defendant also challenges several events at the trial. Specifically, the defendant asserts that the admission of statements allegedly made by Spaulding at trial violated the hearsay provisions of the Federal Rules of Evidence. The defendant also challenges the district court's compliance with the jury's request for a magnifying glass without providing the jury a cautionary instruction as to its use. We find no merit in these arguments.

### A.

The defendant asserts that the district court erred in allowing a witness to repeat a conversation between the defendant and Spaulding. He alleges that Spaulding's statement was hearsay. The statement at issue, which was made by Spaulding, and repeated by a witness, is:

He [Eddie Lee Spaulding] said that they had a fingerprint on a newspaper and said he knew ... well it wasn't his because he wasn't standing up there.

According to the witness:

Mack [the defendant] responded back, "Yeah, I guess it must be mine."

The defendant's hearsay claim is controlled by Federal Rule of Evidence

801(d)(2)(A) and (B).[5] Rule 801(d) makes clear that admissions against interest by a party are not hearsay. *See* 4 J. Weinstein & M. Berger, Weinstein's Evidence, ¶ 801(d)(2)(B)[01] (1986). Under 801(d)(2)(A), the defendant's response is clearly admissible as an admission against interest by a party.

■ As for the admissibility of Spaulding's statement, we hold that it is not hearsay because the defendant's adoption of Spaulding's statement makes it an admission against interest. Spaulding's statement was made in the defendant's presence, the evidence shows that defendant understood the statement, and the defendant had an opportunity to deny it. *See United States v. Disbrow*, 768 F.2d 976, 980–81 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 577, 88 Ed.2d 560 (1985); *United States v. Farid*, 733 F.2d 1318, 1320 (8th Cir.1984). Instead of denying Spaulding's statement, he agreed with it. Thus, because of the defendant's response, Spaulding's statement to the defendant is admissible as an adoptive admission under Rule 801(d)(1)(B). *United States v. Fortes*, 619 F.2d 108, 115–16 (1st Cir.1980); *United States v. Smith*, 600 F.2d 149, 152 (8th Cir.1979) (collecting cases); *United States v. Coppola*, 526 F.2d 764, 769–70 (10th Cir.1975); *Wickliffe v. Duckworth*, 574 F.Supp. 979, 983–84 (N.D.Ind.1983).

### B.

The defendant also contends that the court erred in providing a magnifying glass to the jury without instructing the jury on the permissible uses of the magnifying glass. Sometime during the jury's deliberation, the foreman sent a note to the trial judge requesting the use of a magnifying glass. The foreman did not state why the jury wanted a magnifying glass nor did the trial court inquire as to its intended use. The court did, however, read the note in open court with counsel for both sides present.

Initially, we must determine under what standard we review the trial court's action. We conclude that because the defendant failed to object at trial to the district court's action, the defendant waived his objection, unless the district court's action constituted plain error. *United States v. Laughlin*, 772 F.2d 1382, 1392 (7th Cir. 1985); *United States v. Hickerson*, 732 F.2d 611, 613 (7th Cir.), *cert. denied*, 469 U.S. 846, 105 S.Ct. 159, 83 L.Ed.2d 95 (1984).

■ We conclude that the trial court's actions did not constitute plain error. This is not a situation where the jury was exposed to documents not in the record. *See United States v. Bruscino*, 687 F.2d 938 (7th Cir.1982) (en banc), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). Rather, by providing the jury with a magnifying glass, the district court permitted the jury to make a more critical examination of the exhibits introduced at trial. *United States v. Beach*, 296 F.2d 153, 158–59 (4th Cir.1961). Here, there is no evidence in the record, nor does the defendant contend, that the jury understood the magnifying glass to have any bearing as evidence in the case or that the jury would use it improperly. *See United States v. Brewer*, 783 F.2d 841, 843 (9th Cir.1986) ("We are unable to see how the use of the magnifying glass to view photographs differs from the use of corrective eyeglasses by jurors." ).[6]

■ We do not necessarily approve of the use of a magnifying glass in all circumstances; conceivably there might be situa-

---

5. Rule 801(d)(2) provides, in part:

    **(d) Statements Which are not Hearsay.** A statement is not hearsay if—

    .    .    .    .    .

    **(2) Admission by party-opponent.** The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity or (B) a statement of which he has manifested his adoption or belief in its truth. . . .

6. The defendant also argues that there was insufficient evidence to convict him. After reviewing the record in this case we reject the defendant's contention. Clearly, under *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), after viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt.

tions where providing the jury with a magnifying glass would be the equivalent of the jury acquiring evidence not introduced at trial. Therefore, we urge district courts to ask the jury for what purpose it is requesting a magnifying glass or any other tool that could conceivably, albeit unlikely, be used for improper purposes, and to give an instruction when appropriate.

## IV.

We reject the defendant's challenges to his conviction. The judgment of the district court is, therefore, AFFIRMED.