891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis Gene PULLEY, Defendant-Appellant.
 No. 88-5068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1989.*
Decided Dec. 1, 1989.
 
 Before FLETCHER, FERGUSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 * MEMORANDUM**
 
 
 2
 Appellant Curtis Gene Pulley appeals the district court's denial of his motion for a pre-trial continuance and denial of his motion for a request for services under 18 U.S.C. § 3006A(e). We affirm.
 
 
 3
 On January 30, 1987, Curtis Gene Pulley was indicted in a one-count indictment alleging bank larceny, in violation of 18 U.S.C. § 2113(b).
 
 
 4
 On March 31, 1987, Pulley renewed his March 23 motion to dismiss his counsel of record, and represent himself in the case. He also moved for a continuance. The court allowed his counsel to withdraw and set a trial date of April 21, 1987. On the morning of the trial, Pulley moved for another continuance and requested appointment of an investigator. The district court denied Pulley's request and the trial commenced. After a three-day trial, the jury convicted Pulley. On February 23, 1988, the district court sentenced him to five years imprisonment. Pulley now appeals.
 
 
 5
 Pulley argues that the district court abused its discretion in the denial of his motion for a continuance and for an appointment of an investigator.
 
 II
 
 6
 Pulley's contention on appeal, that the district court abused its discretion in the denial of a continuance, is without merit. The decision of the district court will only be disturbed on appeal when that decision is "arbitrary and unreasonable." United States v. Flynt, 756 F.2d 1352, 1357, modified on other grounds, 764 F.2d 675 (9th Cir.1985). There is no particular mechanical test for "arbitrary and unreasonable." Armant v. Marquez, 772 F.2d 552, 557 (9th Cir.1985). In United States v. Flynt, supra, several criteria were set out which could guide the determination of "arbitrary and unreasonable." Id. at 1359. These factors are 1) the defendant's diligence in readying his case, 2) whether the continuance would have served a useful purpose, 3) the extent to which granting a continuance would have inconvenienced the court and opposing party, including its witnesses, and 4) the extent to which the defendant might have suffered harm as a result of the district court's denial. Id. at 1359.
 
 
 7
 First, the district court found that Pulley had the time prior to the first day of the trial to present his request for a continuance. Second, Pulley was unable to give any information as to the additional witnesses he was seeking other than the first name of a lady he claimed he was with the day of the offense. He could not recall the woman's last name, her address, or the name of her employer. This court has set out criteria for granting a continuance to obtain witnesses in United States v. Sterling, 742 F.2d 521 (9th Cir.1984). The accused must show a) who the witnesses are, b) what their testimony will be, c) that the testimony will be competent and relevant, d) that witnesses can probably be obtained if granted, and e) that due diligence has been used to obtain their attendance on the day set for trial. Id. at 527. Pulley has failed to satisfy any of these criteria. He had six weeks while represented by counsel and three additional weeks while he was representing himself to contact this witness and he failed to do so. He was unable to indicate how he would contact her if the continuance was granted. In United States v. Smith, 790 F.2d 789 (9th Cir.1986), an "eleventh hour" request for continuance was properly denied when the offer of proof did not meet the Sterling test. Id. at 796.
 
 
 8
 Third, the court and government suffer some inconvenience from any delay. Finally, Pulley failed to show any prejudice. There were only vague assertions that there was any additional evidence to be obtained.
 
 
 9
 The district court did not abuse its discretion in denying the request for a continuance on the morning of the trial.
 
 III
 
 10
 Pulley argues that the district court abused its discretion in denying Pulley's request for appointment of an investigator. Pulley's contention on appeal is without merit.
 
 
 11
 Title 18 Section 3006A(e) of the United States Code requires the court to authorize defense services for indigent defendants where the defense attorney would engage such services for a client having the independent financial means to pay for them. United States v. Bass, 477 F.2d 723, 725 (9th Cir.1973). "[However,] the defendant must show, by clear and convincing evidence, 'the prejudice ... caused by the court's failure to appoint an expert [or investigator]'." United States v. Brewer, 783 F.2d 841, 843 (9th Cir.1986) (quoting United States v. Sims, 617 F.2d 1371, 1375 (9th Cir.1980)).
 
 
 12
 The court is required to authorize such defense services upon a "timely request." United States v. Brewer, 783 F.2d at 843 (quoting United States v. Bass, 477 F.2d 723, 725 (9th Cir.1973)). Here, Pulley did not make a timely request. He had the services of an attorney for six weeks before electing to represent himself. Pulley was released on bond on March 5, 1987 and was not taken back into custody until April 10, 1987. He did not demonstrate that any necessary investigation could not have been conducted by himself or through counsel. He gave no reason for failing to request an investigator during this period.
 
 
 13
 As noted, Pulley was unable to identify the witnesses he was seeking. In particular, he failed to show any possibility of obtaining his alibi witness or that an investigator could have done so. Therefore, Pulley has not shown by clear and convincing evidence that he was prejudiced by the denial of an eleventh hour request for investigative services under 18 U.S.C. § 3006A(e).
 
 
 14
 The district court did not abuse its discretion in denying Pulley's request for investigative services under 18 U.S.C. § 3006A(e).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3