641 A.2d 559

CHARLES BOLAND, PLAINTIFF–APPELLANT, v. PETER DOLAN AND JUDY DOLAN, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 13, 1994—Decided May 13, 1994.

Before Judges GAULKIN, D'ANNUNZIO and WALLACE.

*Drazin & Warshaw,* attorneys for appellant (*Roy D. Curnow,* on the brief).

*Jay H. Greenblatt, P.C.,* attorneys for respondents (*Jay H. Greenblatt* and *Charles S. Epstein,* on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

In this personal injury action by a tenant against his landlords, plaintiff appeals from a judgment entered on a jury verdict of no cause for action.

Plaintiff fell in the vestibule of the three family beach house in which his apartment was located, allegedly because of a defective rug runner which covered the vestibule floor. Defendant contended, among other things, that plaintiff slipped and fell because the boat shoes he was wearing were worn and no longer serviceable.

During the trial a photograph was introduced into evidence. It showed plaintiff on the floor of the vestibule being administered to by an emergency squad shortly after his fall, with the sole of his right shoe visible in the picture. The photograph was introduced into evidence and passed to the jury, but defendant's request that the jury also be supplied with a magnifying glass at that time, objected to by plaintiff, was denied. During summation, defense counsel told the jury that he was going to ask the court to allow the jury to look at the photograph "as though it were blown up under magnification." After the court charged the jury, defendant's request that the jury be supplied with a magnifying glass was objected to by plaintiff's counsel and denied by the court. During deliberations, the jury requested the magnifying glass and that request was granted, over plaintiff's objection.

On appeal, plaintiff contends that the court erred in allowing the jury the use of a magnifying glass during its deliberations. We agree and reverse.

Defendant contends that a jury's use of a magnifying glass to examine evidence during deliberations is not error, relying on *State v. Cerciello*, 86 *N.J.L.* 309, 312–13, 90 *A.* 1112 (E. & A.1914), and decisions from other jurisdictions. We conclude that those authorities are distinguishable and do not provide strong support for defendant's position in the present case.

In *Cerciello*, the magnifying glass was introduced into evidence at the trial because it had been used by an expert witness to

detect the impression of defendant's fingerprint on a hatchet. The expert testified at trial and explained "[t]he history and quality of the lenses." *Id.* Thus, the use of the lens and the information its use revealed were explored during the trial.

In *United States v. Young,* 814 *F.*2d 392, 396–97 (7th Cir.) *cert. denied,* 484 *U.S.* 838, 108 *S.Ct.* 121, 98 *L.Ed.*2d 79 (1987), the Court of Appeals rejected defendant's contention that the trial court had erred in granting the jury's request for a magnifying glass, made after deliberations had commenced. We note, however, that unlike the present case, defendant did not object to the jury's request and, therefore, defendant's contention was evaluated under the plain error standard. *Id.* at 396. Moreover, the opinion does not inform us of the nature of the evidence which would lend itself to evaluation with a magnifying glass. Consequently, we are unable to determine the potential for mischief afforded by the device in that case. Finally, the court recognized that a magnifying glass may be inappropriate in some circumstances:

> We do not necessarily approve of the use of a magnifying glass in all circumstances; conceivably there might be situations where providing the jury with a magnifying glass *would be the equivalent of the jury acquiring evidence not introduced at trial.* Therefore, we urge district courts to ask the jury for what purpose it is requesting a magnifying glass or any other tool that could conceivably, albeit unlikely, be used for improper purposes, and to give an instruction when appropriate. [Emphasis added.]

[*Id.* at 396–97.]

*Western Spring Service Co. v. Andrew,* 229 *F.*2d 413, 419 (10th Cir.1956), involved a post-trial claim of jury misconduct, consisting of a contention that the jury foreman brought a magnifying glass to the jury room and used it to examine an allegedly faulty weld in a drive shaft. Although the court found no error in the jury's use of the glass, it also affirmed on the ground that defendant's attempt to impeach the jury's verdict through misconduct in the jury room was impermissible. *Ibid.* Of greater significance for the present case, however, is the fact that the weld was the subject of extensive expert testimony from all parties. *Id.* at 417.

Thus, unlike the present case, the jury's examination of the weld was informed by expert testimony.

In *Bradfield v. Ringsby Truck Lines, Inc.*, 37 *Colo.App.* 123, 546 *P*.2d 500, 504 (Ct.1975), *aff'd in part, rev'd in part*, 193 *Colo.* 151, 563 *P*.2d 939 (1977), the court held that the jury's use of a magnifying glass to examine photographs was not error. As in *United States v. Young, supra*, we cannot determine the subjects of the photos or their importance to the issues at trial.

*Layton v. Palmer*, 309 *S.W.*2d 561 (Mo.1958) involved a claim that defendant negligently caused plaintiff's vehicle to run off the road and overturn when bales of hay defendant was hauling fell from his truck. The relevant issue in that case was whether a photograph showed parts of, or whole, bales of hay on the road. *Id.* at 568. The lower court permitted the jury to view the photograph with a magnifying glass *during the trial* while a witness was testifying regarding the exhibit.

Finally, *J.H. Robinson Truck Lines, Inc. v. Ragan*, 204 *S.W.*2d 662, 666 (Tex.Civ.App.1947), is of no assistance to defendant because the jury was denied the use of a magnifying glass.

We agree with *United States v. Young, supra*, that permitting a jury to use a magnifying glass is not appropriate in all circumstances, and we are persuaded that the trial court should not have permitted its use during the jury deliberations in this case.

If an enhanced view of the sole of plaintiff's right shoe had probative value, it should have been presented at trial through a properly enlarged photograph. In that event, the jury and the parties would have had the benefit of examination and cross-examination regarding what the enlargement purported to show or not show. In the absence of an enlarged photo, use of a magnifying glass *by witnesses at trial* also may have been appropriate. Again, in that event, what could or could not be seen with the glass would have been the subject of testimony capable of being tested and scrutinized, and could have been commented on during summations.

We are persuaded that presenting the jury with a magnifying glass is the equivalent of supplementing the evidence, during jury deliberations, with an enlarged print of a smaller photo which had been introduced into evidence at trial. Thus, in this case, the jury received a tool which permitted it to create evidence not introduced at trial, and, therefore, never tested in the crucible of examination. *See United States v. Young, supra,* 814 *F.*2d at 396–97; *cf. State v. Anderson,* 251 *N.J.Super.* 327, 332, 598 *A.*2d 229 (App.Div.1991) ("if a jury considers as evidence something which was not admitted, a party who is adversely affected ... is deprived of any opportunity to rebut the evidence, to comment upon it in closing argument or to take the evidence into account in formulating trial strategy"); *Palestroni v. Jacobs,* 10 *N.J.Super.* 266, 271, 77 *A.*2d 183 (App.Div.1950) (because a verdict must be based on evidence admitted at trial, jury's use of dictionary during deliberations, having tendency to influence its verdict, required a new trial); *but cf. Clark v. Piccillo,* 75 *N.J.Super.* 123, 129, 182 *A.*2d 381 (App.Div.1962) (no prejudice from juror's use during deliberations of photo of a fork lift truck not in evidence).

Moreover, unlike the issue in *Layton v. Palmer, supra, i.e.,* whether the photo showed a partial or full bale of hay, the issue in the present case was whether plaintiff's shoes had lost their slip-resistance capacity. Determining that a photo showed a full bale of hay is within the capacity of a juror, if the photo is sufficiently enlarged. We cannot determine, however, whether a jury has the knowledge and experience to decide that a shoe of specialized design has lost its slip resistance based on what the jury saw, or believed that it saw, using the magnifying glass. The significance of an enlarged view may have rested solely within the purview of expert testimony.

■ For these reasons we conclude that permitting the jury to use a magnifying glass in the circumstances of this case was error capable of producing an unjust result.[1]  *R.* 2:10–2.

Reversed and remanded for further proceedings.

---

[1] Plaintiff also contends that the court erred in admitting of a Certificate of Inspection issued by the State of New Jersey Bureau of Housing Inspection under the Hotel and Multiple Dwelling Law, *N.J.S.A.* 55:13A–1 *et seq.*  It is not necessary for us to decide the admissibility of those certificates generally, especially in light of our reversal based on the magnifying glass.  However, we observe that the certificate admitted in this case resulted from an inspection in June 1987, almost two years before plaintiff fell and at a time when a different runner was on the floor.  Consequently, the certificate had no probative value.