91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcus Louis HOWELL, Petitioner-Appellant,
v.
E.J. BRENEN; Daniel E. Lungren, Attorney General,
Respondents-Appellees.
 No. 94-56660.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcus Louis Howell, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Howell alleges that: (1) his constitutional rights were violated when jurors reenacted a demonstration during deliberations, and (2) his counsel was ineffective for failing to interview and subpoena a witness. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thompson v. Borg, 74 F.3d 1571, 1573 (9th Cir.1996), and affirm.
 
 
 3
 * Juror Misconduct
 
 
 4
 Howell first contends that his constitutional rights were violated when the jurors reenacted a demonstration between the prosecutor and Howell at trial. This contention lacks merit.
 
 
 5
 "In conducting their deliberations, jurors have a duty to consider only the evidence which is presented to them in open court. Evidence not presented at trial ... is deemed 'extrinsic.' " United States v. Navarro-Garcia, 926 F.2d 818, 820 (9th Cir.1991) (citations, quotations and brackets omitted). "Juror misconduct typically occurs when a member of the jury has introduced into its deliberations matter which was not in evidence or in the instructions." Thompson, 74 F.3d at 1574. "Jury exposure to facts not in evidence deprives a defendant of the rights to confrontation, cross-examination and assistance of counsel embodied in the Sixth Amendment." Lawson v. Borg, 60 F.3d 608, 612 (9th Cir.1995). Juror misconduct, however, is amenable to harmless error analysis. Thompson, 74 F.3d at 1574.
 
 
 6
 To determine whether the error was harmless, we look to whether the misconduct, " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Id. at 1574-75 (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation omitted)). The state may also show that the error was harmless if "the extraneous material was merely duplicative of the evidence properly introduced in open court.... [E]xtraneous material which is duplicative or cumulative may render a jury misconduct error harmless." Hughes v. Borg, 898 F.2d 695, 699 (9th Cir.1990).
 
 
 7
 The facts surrounding the jurors' actions are not disputed. Following a jury trial, Howell was convicted of second degree murder. Howell did not deny killing the victim: His defense was self-defense. Howell testified at trial that he shot the victim while wrestling with the victim for the gun.[1] During cross-examination, the prosecutor had Howell demonstrate the struggle using a pen to represent the gun. While deliberating, the jurors reenacted the demonstration using a squirt gun instead of a pen. After the jury convicted Howell, the defense and prosecution brought the jurors' reenactment to the attention of the trial court. Howell's counsel moved for a new trial and the trial court denied the motion.
 
 
 8
 The district court held that the squirt gun was not extrinsic evidence. We agree. See United States v. Brewer, 783 F.2d 841, 843 (9th Cir.) (magnifying glass used to examine photographic evidence was not extrinsic evidence), cert. denied, 479 U.S. 831 (1986). Moreover, even if the squirt gun constituted extrinsic evidence, its use did not have a "substantial and injurious effect or influence in determining the jury's verdict," see Thompson, 74 F.3d at 1574-75 (quotation omitted), because "the extraneous material was merely duplicative of the evidence properly introduced in open court," see Hughes, 898 F.2d at 699. Accordingly, this claim was properly denied.
 
 II
 Ineffective Assistance of Counsel
 
 9
 Howell next contends that his trial counsel was ineffective for failing to call Michael Einfeldt as a witness. The record belies this contention.
 
 
 10
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). A tactical decision not to call a particular witness cannot form the basis of a ineffective assistance of counsel claim, even if the defendant disagrees with the decision. See Morris v. California, 966 F.2d 448, 456 (9th Cir.1991), cert. denied, 506 S.Ct. 831 (1992). Nor is counsel is ineffective for declining to call a witness were there are glaring inconsistences in the witness's proposed testimony, Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992), or for refusing to assist a client in presenting false evidence, Nix v. Whiteside, 475 U.S. 157, 166 (1986). Counsel does, however, have "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691.
 
 
 11
 Here, Howell requested that his counsel call Einfeldt as an witness. Einfeldt had sent counsel a vague letter claiming to be an eyewitness to the homicide. Counsel submitted a declaration stating that he decided not to subpoena Einfeldt because: (1) none of the witnesses who had been present at the scene of the homicide ever mentioned that Einfeldt was present,[2] (2) Einfeldt was a convicted felon, (3) Einfeldt had been in custody with Howell and counsel feared that the prosecutor would argue that Einfeldt and Howell had concocted Einfeldt's testimony, and (4) Einfeldt's letter was not credible. Because the record demonstrates that counsel's decision not to call Einfeldt was a reasonable tactical decision, counsel was not ineffective. See Morris, 966 F.2d at 456.
 
 
 12
 Finally, because the facts are not in dispute, the district court did not err in declining to hold an evidentiary hearing. See Bonin v. Calderon, 59 F.3d 815, 827 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the dismissal of the motion under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The victim was shot six times
 
 
 [2]
 Counsel stated that in over five hours of interviews with witnesses whom both the defense and prosecution acknowledged were present at the scene of the homicide, no one mentioned Einfeldt's presence