114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lisa Leikuuipo RODRIGUES and Wayne C. Rezentes, Plaintiffs-Appellants,
v.
CITY AND COUNTY OF HONOLULU; Calvin Collins; Peter
Nakagawa; Brian Reyes; Daryl M. Takata; John E.
Valentino, Jr. and William Watkins,
Defendants-Appellees.
 No. 95-16294.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 29, 1997.
 
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs-Appellants challenge the jury verdict for defendants on all counts of plaintiffs' claims for damages under 42 U.S.C. § 1983 and various state tort laws. Plaintiffs argue that the district court erred in several of its rulings and that, because of each of these errors, it again erred in denying judgment as a matter of law at the close of evidence and after the verdict. We have jurisdiction, 28 U.S.C. § 1291, and we AFFIRM.
 
 
 3
 First, plaintiffs claim that the trial court erred by excluding the proffered testimony of Roger Coryell. The trial court has broad discretion to admit or exclude expert testimony. E.g., United States v. Brewer, 783 F.2d 841, 842 (9th Cir.1986). The photo showed a blurred foot, which the jury could find was caused by a quick movement. Also, the photographer, Brian Shelton, testified that this photograph showed a kick. If Coryell's testimony would not have additionally aided the jury, then the district court had the discretion to exclude it. E.g., Id. (excluding expert testimony regarding photograph because jury could compare photos). Even if the district court exceeded its discretion by excluding Coryell's testimony, any error was harmless. The jury had the substance of Coryell's testimony before it; his testimony would not have added any substance to the plaintiffs' case.
 
 
 4
 Next, plaintiffs claim that their constitutional rights were violated by their arrests. A police officer who arrests a person without probable cause violates that person's Fourth Amendment rights. E.g., Mackinney v. Nielsen, 69 F.3d 1002, 1005 (9th Cir.1995). Whether probable cause exists for a warrantless arrest depends on whether "the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime." United State v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994) (citations omitted). Here, there was evidence that Rodrigues refused to stop screaming and that members of her Harley Owners Group were gathering at the scene. There was sufficient evidence for an officer to conclude that she was committing or about to commit the offense of disorderly conduct--that is, she was engaging in speech likely to provoke a violent response in members of the public. H.R.S. § 711-1101. We can affirm the district court on any ground supported by the record, and the record supports the conclusion that there was probable cause to arrest under the "violent response" prong of the disorderly conduct statute.
 
 
 5
 Next, plaintiffs claim that the district court's instruction that the plaintiffs had the burden to prove the state law torts by clear and convincing evidence was reversible error. The jury found for defendant officers on the § 1983 claims, where plaintiffs had the burden to prove their case by only a preponderance of the evidence. Because the state law claims involved essentially the same conduct, an instruction that the burden of proof was the preponderance of the evidence for the state law claims would not have altered the result, and any error was therefore harmless.
 
 
 6
 Plaintiffs also claim the district court erred by allowing cross examination about events occurring during Rodrigues' 1985 arrest. Fed.R.Evid. 404(b) is one of inclusion, which admits relevant evidence "except where it tends to prove only criminal disposition." Heath v. Cast, 813 F.2d 254 (9th Cir.1987). Here, the court allowed narrow inquiry into whether Rodrigues had threatened to sue security officers and whether she had ever experienced similar incidents, including being handcuffed. The court sustained objections to inquiries about the substance of the arrest and properly limited the inquiry on cross examination. The evidence was not admitted to show criminal disposition, but was reasonably admitted to show bias. There was no error in allowing the cross examination.
 
 
 7
 Plaintiffs next contend that the district court abused its discretion in disallowing testimony by witnesses Stuhlmacher and Durkin that they each overheard an unidentified police officer make a potentially incriminating remark. In order for these statements to be admitted as nonhearsay, they must have been admissions against interest by a party opponent. Here, neither witness could pinpoint the speaker of the statement, and neither witness heard the context of the statement. Because the statements may not have been referring to the incident in question, the district court did not abuse its discretion by finding insufficient evidence to establish that these statements were admissions by a party opponent. Additionally, because the remarks could not be attributed to any specific defendant, the district court was correct to find that the prejudice of attributing the statement to all the defendants would outweigh any probative value.
 
 
 8
 Finally, appellants claim that the trial court erred by refusing to give instructions on joint and several liability. Plaintiffs did not specifically allege a common scheme or plan in their complaint and presented no evidence of joint liability at trial. Moreover, the jury found no liability for any of the officers under § 1983 or any state laws. Therefore, any error was harmless. See Phillips v. United States Internal Revenue Serv., 73 F.3d 939, 941 (9th Cir.1996).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3