20-1104-cr
*United States v. Boykins*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
               MICHAEL H. PARK,
               MYRNA PÉREZ,
                     *Circuit Judges.*

―――――――――――――――――――――――――

UNITED STATES OF AMERICA,

         *Appellee,*

         v.                                             20-1104-cr

SHAKEEM BOYKINS,

         *Defendant-Appellant.*

―――――――――――――――――――――――――

| | |
|---|---|
| **FOR APPELLEE:** | David C. James & James P. McDonald, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Daniel M. Perez, Newton, NJ; Tina Schneider, Portland, ME. |

1

Appeal from a judgment, entered March 27, 2020, by the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 27, 2020 judgment of the District Court be and hereby is **AFFIRMED**.

After a jury trial, Defendant Shakeem Boykins was convicted of one count of unlawful possession of a firearm and ammunition by a previously-convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The conviction stemmed from an incident on October 5, 2017, during which — according to evidence put forward by the Government at trial — Boykins shot a firearm and non-fatally wounded a woman named Shatavia Walls. Following the trial, the District Court sentenced Boykins principally to a term of 110 months' imprisonment to be followed by three years of supervised release. Boykins now raises several challenges related to the trial and the sentence imposed by the District Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and address each of Boykin's arguments in turn.

1. **Sufficiency of the Evidence**

Boykins first argues that the Government failed to put forward sufficient evidence to sustain the jury's guilty verdict. We review sufficiency of evidence challenges *de novo*. *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018). Boykins "face[s] a heavy burden because we must sustain the jury's verdict if, crediting every inference that could have been drawn in the government's favor and viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021) (cleaned up). "A court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

Boykins has not met his "heavy burden." *Id.* (internal quotation marks omitted). In his brief before us, he principally challenges the credibility of Walls, who identified Boykins as her assailant during her trial testimony. As the District Court acknowledged during two sidebars at trial, there may well have been good reason to question Walls' credibility. But the District Court's passing comments are of no moment here; "[i]t is the province of the jury and not of the court to determine whether a witness who may have been inaccurate, contradictory[,] and even untruthful in some respects was nonetheless entirely credible in the essentials of [her] testimony." *United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011) (internal quotation marks omitted). In light of the jury's guilty verdict, we must "resolve all issues of credibility in favor of the prosecution." *United States v. Jespersen*, 65 F.3d 993, 998 (2d Cir. 1995) (internal quotation marks omitted).

In addition, Boykins fails to acknowledge the weight of evidence — separate and apart from Walls's testimony — that supports his conviction. While the video footage does not show Boykins with a gun, it does show a man — identified by another witness as Boykins[1] — with his right hand in his pocket and riding a bicycle with his right hand off the handlebars towards the location of the shooting. The Government also introduced the transcript of a 911 call in which the caller identified the shooter as "on a bike." Gov. App'x 1. In light of these, as well as other pieces of evidence offered by the Government, we cannot say that no reasonable jury could find Boykins guilty beyond a reasonable doubt.

## 2. The Felony Stipulation

Boykins next argues that the District Court committed error by accepting the parties' stipulation that Boykins had previously been convicted of a felony in New York state court without first ascertaining whether Boykins knowingly and voluntarily entered into the stipulation. We do not agree.

As a preliminary matter, the Government argues that Boykins has waived any argument about the voluntariness of the stipulation. We need not decide whether Boykins waived his argument because even under the plain-error standard — the standard that both parties agree would apply if Boykins's argument is not waived — Boykins's claim must fail.

Even assuming that the District Court erred by not ascertaining whether Boykins knowingly and voluntarily entered into the stipulation, we conclude that Boykins failed to show that the error "affected [his] substantial rights, which in the ordinary case means he . . . must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (cleaned up). If the District Court had inquired into the voluntariness of the stipulation and learned that Boykins did not, in fact, knowingly and voluntarily stipulate to the prior felony conviction, the Government could have introduced evidence establishing the conviction.[2] Boykins cannot, therefore, show that the District Court committed plain error.

---

[1]     The Government also introduced evidence of a recorded jail call in which Boykins identified himself as the individual who "jumped off the bike." Gov. App'x 6.

[2]     Such evidence would have carried the risk of unfair prejudice to Boykins. *See generally Old Chief v. United States*, 519 U.S. 172, 185-86 (1997).

3

### 3. The Jury Instruction

Next, Boykins challenges the portion of the District Court's jury instruction concerning his stipulation to a prior felony conviction. In particular, Boykins objects to the District Court's instruction that "[t]he fact that he has such a conviction has been stipulated to and is not an issue," and that "[Boykins] has stipulated to this fact, [so] you, the jury, *must* accept this stipulation into the fact [*sic*] that's proven." Def.'s App'x 25-26 (emphasis added). Boykins argues that the District Court deprived him of his right to a jury trial and to due process by effectively directing a partial verdict for the Government on that element. We find Boykins's challenge to be without merit.

Because he failed to object to the instruction below, we review Boykins's claim for plain error. *See United States v. Gonzalez*, 110 F.3d 936, 944 (2d Cir. 1997). To establish plain error, Boykins must, *inter alia*, show that the alleged error "affect[ed] [his] substantial rights, which, in most cases, means that the error must have affected the outcome of the proceedings." *Id.* at 946. Even assuming that the District Court erred by issuing a mandatory, rather than permissive, instruction about the import of the stipulation, Boykins cannot "establish[] that the outcome in [his] case would have differed had the judge properly instructed the jury on the legal effect of the stipulation[]." *Id.* at 947.

### 4. The Magnified Image

Boykins next challenges the District Court's decision to allow the jury — during its deliberations and upon the request of a member of the jury — to view a digitally magnified still image taken from a video that had already been offered into evidence. Boykins argues that by showing to the jury the image, which was digitally magnified using a different software application than the application used to play the video, the District Court allowed the jury to consider extrinsic evidence that had not otherwise been admitted into evidence during trial.

While we have previously noted that "extra-record information of which a juror becomes aware is presumed [to be] prejudicial," *United States v. Greer*, 285 F.3d 158, 173 (2d Cir. 2002), we do not agree that the magnified image shown to the jury falls into that category. The magnified image came from a video that had already been admitted into evidence. And tellingly, several of our sister circuits have rejected analogous claims that providing a jury with a magnifying glass exposes jurors to extrinsic evidence. *See, e.g.*, *United States v. Holmes*, 30 F. App'x 302, 310 (4th Cir. 2002) (unpublished); *United States v. George*, 56 F.3d 1078, 1084 (9th Cir. 1995); *United States v. Brewer*, 783 F.2d 841, 843 (9th Cir. 1986); *see also United States v. Young*, 814 F.2d 392, 396-97 (7th Cir. 1987) (concluding that the district court's compliance with a jury request for a magnifying glass did not "expose[] [the jury] to documents not in the record," but cautioning that there "conceivably . . . might be situations where providing the jury with a magnifying glass would be the equivalent of the jury acquiring evidence not introduced at trial"). Upon review of the record, we do not agree with

Boykins that allowing the jury to view a magnification of an image taken from a video already in evidence exposes the jury to extrinsic evidence.

### 5. Substantive Reasonableness of the Sentence

Finally, Boykins argues that the District Court's sentence of 110 months' imprisonment was substantively unreasonable. As we have stated before, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (cleaned up). Sentences are substantively unreasonable only when they "are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). This is not such a case.

In arguing otherwise, Boykins emphasizes his difficult upbringing, and in particular the abuse he suffered during childhood. Boykins's counsel described in detail Boykins's difficult upbringing in his pre-sentencing submission, and at sentencing the District Court acknowledged that Boykins's childhood was "terrible." Def.'s Supp. App'x 39. Insofar as Boykins argues that the District Court did not give adequate weight to Boykins's "history," *see* 18 U.S.C. § 3553(a)(1), we have stated that "the weight to be afforded any [Section] 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).

Moreover, we note that Boykins's sentence was at the bottom of the advisory Sentencing Guidelines range as calculated by the District Court. "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (cleaned up). While the fact that a sentence is within the advisory Sentencing Guidelines range does not itself create a presumption of reasonableness, upon review of the record, we decline here to conclude that this is one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189-90 (cleaned up). Under the "totality of the circumstances," *id.* at 190, we cannot conclude that Boykins's bottom-of-Guidelines sentence is "unsupportable as a matter of law" such that affirming the sentence "would damage the administration of justice," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

## CONCLUSION

We have considered all of Boykins's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the March 27, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court