UNITED STATES of America, Plaintiff–Appellee,

v.

Albert MIRANDA, Defendant–Appellant.

No. 91–10390.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 1992.*

Decided Feb. 25, 1993.

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Carl A. Gonser, San Rafael, CA, for defendant-appellant.

Susan E. Badger, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

1. 18 §§ 3161–74.

Before: BOOCHEVER, NOONAN, and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

On February 2, 1990, an indictment was issued by a grand jury charging Miranda with three counts of bank robbery pursuant to 18 U.S.C. § 2113. The indictment alleged that he robbed the Bank of the West in San Francisco on September 15, 1989 (Count One); that, displaying a gun, he robbed the same bank on October 20, 1989 (Count Two); and that he robbed the Union Bank in San Francisco on October 30, 1989 (Count Three). Miranda's trial commenced on December 20, 1990. He was convicted by a jury of counts one and two, but acquitted of count three. The district court denied his motion for a new trial and this appeal followed. We now affirm.

I

The Speedy Trial Act [1] mandates that an indictment be dismissed if more than seventy days of unexcluded time elapsed between the indictment and the commencement of trial. *Henderson v. United States*, 476 U.S. 321, 326, 106 S.Ct. 1871, 1874–75, 90 L.Ed.2d 299 (1986); 18 U.S.C. § 3161(c)(1). The district court found much of the time between the indictment and trial to be excludable. At issue here is the court's conclusion that a period of 106 days during which a mental competency evaluation report was under preparation should be excluded.

Under 18 U.S.C. § 4241(a), the court may commit a person to be examined for a reasonable period, but not to exceed 30 days. 18 U.S.C. § 4247(b). The director of the facility to which the defendant is committed may apply for a reasonable extension, but the extension cannot exceed 15 days. *Id.* Miranda thus argues that section 4247(b) limits the time that can be excluded for a competency examination under section 3161(h)(1)(A) of the Speedy Trial Act to 45 days.

The plain language of the Speedy Trial Act gives no indication that an exclusion for a competency evaluation must be so limited. To the contrary, section 3161(h)(1)(A) expressly excludes *"any period of delay* resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A) (emphasis added).

■ Although it was certainly capable of doing so, *see Henderson*, 476 U.S. at 327, 106 S.Ct. at 1875, Congress gave no indication that 18 U.S.C. § 4247(b) modifies section 3161(h)(1)(A). Moreover, there is no compelling reason that the two statutes be linked. We refuse, therefore, to find a limitation where Congress did not expressly create one.[2] Thus, the district court did not violate the Speedy Trial Act by excluding the time consumed during Miranda's competency examination process.

### II

■ The district court permitted the introduction of evidence, under Federal Rule of Evidence 404(b), that in October 1989 Miranda had a $20 to $30 a day heroin habit. This circuit has permitted the use of evidence of a drug habit to demonstrate motive to commit a bank robbery. *See United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir.), *cert. denied*, 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977); *United States v. Saniti*, 604 F.2d 603, 604 (9th Cir.), *cert. denied*, 444 U.S. 969, 100 S.Ct. 461, 62 L.Ed.2d 384 (1979); *cf. United States v. Feldman*, 788 F.2d 544, 556–57 (9th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987) (evidence of overdrawn bank account admissible to show robbery motive). Accordingly, we cannot say that the district court abused its wide discretion by admitting this evidence.

### III

■ Nor did the district court abuse its discretion by permitting two longtime acquaintances of Miranda to identify him from bank surveillance photographs. We have consistently found acquaintance identifications admissible under Federal Rule of Evidence 701. *See, e.g., United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1986). Such testimony is particularly valuable where, as here, the witnesses are able to make the identification based on familiarity with characteristics of the defendant not immediately observable by the jury at trial. *See id.*

### IV

■ Miranda sought to present expert testimony on the unreliability of eyewitness identification testimony. The district court considered the proposed testimony in some detail but concluded that cross-examination would be sufficient to expose the problems inherent in eyewitness identification. As that conclusion accords with the law in this circuit, *see United States v. Brewer*, 783 F.2d 841, 843 (9th Cir.), *cert. denied*, 479 U.S. 831, 107 S.Ct. 118, 93 L.Ed.2d 64 (1986); *United States v. Amaral*, 488 F.2d 1148, 1153 (9th Cir.1973), we cannot say that the district court abused its discretion.

### V

■ Miranda requested various jury instructions based upon the identification instruction proposed in *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972). However, "this Court has elected not to follow" *Telfaire. United States v. Masterson*, 529 F.2d 30, 32 (9th Cir.), *cert. denied*, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976); *see also* 9th Cir.Crim. Jury Instr. 4.13 com-

---

2. We reject Miranda's assertion that *United States v. Fontanilla*, 849 F.2d 1257, 1258 (9th Cir.1988), holds to the contrary. The question presented to that court was not whether section 4247(b) prohibited more than 45 days from being excluded under section 3161(h)(1)(A); rather, it was simply asked if 26 days spent on a competency examination could be excluded. *Cf. United States v. Clark*, 807 F.2d 412, 413 (5th Cir.1986) (61 days excluded under § 3161(h)(1)(A)), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987).

ment (1992). Even where the only evidence is identification evidence, general instructions on the jury's duty to determine the credibility of the witnesses and the burden of proof are fully adequate. *See United States v. Sambrano,* 505 F.2d 284, 287 (9th Cir.1974). Accordingly, the district court did not err in refusing the proposed instruction.

## VI

 At 11:35 on the morning of the first day of deliberations, the jury foreman sent a note to the judge indicating that the jury was evenly split on the first two counts and asking for help "to get past that barrier." The court re-read its instructions on the presumption of innocence, the burden of proof, and reasonable doubt and then instructed the jury:

> Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right. This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Thus, it is important that you reach a verdict if you can do so conscientiously. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Four hours later, the jury returned guilty verdicts on both counts. Miranda characterizes this instruction as a modified *Allen* instruction, *see Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and argues that it improperly coerced the jury, mandating reversal.

Even if this very mild instruction was a modified *Allen* charge, this court has repeatedly held analogous instructions not to be erroneous. *See United States v. Arbelaez,* 719 F.2d 1453, 1461 (9th Cir.1983), *cert. denied,* 467 U.S. 1255, 104 S.Ct. 3543,

82 L.Ed.2d 847 (1984). An examination of this instruction in the context and circumstances of this case demonstrates no coercive effect on the jury.[3] *See United States v. Wauneka,* 842 F.2d 1083, 1088 (9th Cir. 1988).

## VII

 During deliberations, the jury requested "blow-ups" of some of the bank surveillance photographs used as exhibits. The court returned to the jury its note, writing on it, "Unfortunately, no." After trial, Miranda's counsel submitted a declaration alleging that, through conversations with several jurors, he had learned that one of the jurors had brought a magnifying glass into the jury room. Miranda raised the issue of the magnifying glass in his motion for a new trial but did not request an evidentiary hearing.

Miranda argued before the district court that the jurors may have disobeyed its instructions to them by using the magnifying glass. The district court, in the best position to evaluate such a claim, denied his motion for a new trial. *See United States v. Madrid,* 842 F.2d 1090, 1092 (9th Cir. 1988). Miranda concedes, as he must, that a magnifying glass is not extrinsic evidence. *See Brewer,* 783 F.2d at 843. There was no juror misconduct.

AFFIRMED.

---

**3.** Moreover, under the circumstances of this case, the fact that the jury revealed that it was evenly split did not render the instruction coercive. *Cf. United States v. Sae–Chua,* 725 F.2d 530, 531 (9th Cir.1984) (disclosure to judge of nature and extent of jury's division is coercive "[u]nder some circumstances"). We also reject Miranda's contention that the court impermissibly gave the jury two *Allen* charges. *See United States v. Seawell,* 550 F.2d 1159, 1163 (9th Cir. 1977). Only one charge was given *after* the court was informed of a deadlock. *See United States v. Armstrong,* 654 F.2d 1328, 1334–35 (9th Cir.1981).