87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Vincent Lee OLSON, Defendant-Appellant, Cross-Appellee.
 Nos. 95-30275, 95-30277.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1996.*
Decided June 20, 1996.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The defendant, Vincent Lee Olson, appeals his conviction by a jury for bank robbery. The United States cross-appeals the sentence imposed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 A. Jury Instruction
 
 3
 The defendant claims the district court erred by refusing to give his proposed jury instruction on eyewitness testimony. This claim lacks merit.
 
 
 4
 We review de novo whether jury instructions, in their entirety, adequately cover the defense's theory. United States v. Gomez-Osorio, 957 F.2d. 636, 642 (9th Cir.1992). The giving of jury instructions regarding eyewitness testimony is discretionary. "Even where the only evidence is identification evidence, general instructions on the jury's duty to determine the credibility of the witnesses and the burden of proof are fully adequate." United States v. Miranda, 986 F.2d 1283, 1286 (9th Cir.), cert. denied, 508 U.S. 929 (1993). Contrary to the defendant's argument, this court's decision in United States v. Rincon, 28 F.3d 921 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 605 (1994), does not require the giving of specific instructions regarding eyewitness identification.
 
 
 5
 The district court gave general instructions on the credibility of witness testimony. The instructions given, taken in their entirety, adequately addressed the defendant's theory that eyewitness testimony can be unreliable. The district court's refusal to give the defendant's proposed instruction on eyewitness identification was not erroneous.
 
 B. Excuse of Juror
 
 6
 We review for abuse of discretion a district court's decision to excuse a juror for just cause under Federal Rule of Criminal Procedure 23(b) even when there is no defense objection at the time of dismissal. United States v. McFarland, 34 F.3d 1508, 1511 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2257 (1995).
 
 
 7
 The defendant claims that the district court abused its discretion when it excused a juror for medical reasons and continued with an eleven-person jury. The defendant's claim lacks merit.
 
 
 8
 Federal Rule of Criminal Procedure 23(b) allows the court to dismiss a juror for "just cause" after deliberations have begun and continue with an eleven-person jury. "Just cause" clearly includes serious illness or incapacity. See McFarland 34 F.3d at 1512. The district court did not abuse its discretion in dismissing a juror for health reasons and continuing with an eleven-person jury.
 
 C. "Allen" Charge
 
 9
 We review for plain error the district court's formulation of a jury instruction when no objection was made at the time of trial. United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993). Defendant's contention that no specific objection was required is meritless. Defendant met none of the conditions necessary to excuse a specific objection to a jury instruction. See United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989).
 
 
 10
 Defendant's claim that the "Allen" charge given was impermissibly coercive is likewise without merit. None of the indications associated with coercion in an "Allen" charge were present. See United States v. Ajiboye, 961 F.2d 892, 894 (9th Cir.1992). The district court judge was not aware of the identity of the dissenting juror(s) or even the extent of the division within the jury. The district court judge gave the instruction only once and the jury did not return a verdict immediately after receiving the charge. Therefore, the giving of the "Allen" charge by the district court was not plainly erroneous.
 
 D. Career Offender Enhancement
 
 11
 The government claims the district court erred by not looking beyond the statutory definition of second-degree burglary to determine whether the defendant was a career offender. We review de novo a district court's interpretation of the sentencing guidelines. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994).
 
 
 12
 In determining whether a previous conviction involved a crime of violence under section 4B1.2(1)(ii) of the sentencing guidelines, a court may consider not only the statutory definition of the crime, but also the conduct expressly charged in the indictment or information. United States v. Young, 990 F.2d 469, 472 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 276 (1993). In neither of the previous burglary convictions was the defendant actually charged with burglary of a dwelling as required by section 4B1.2(1)(ii). Thus, although the district court could have looked to the conduct actually charged in the previous convictions, the result would have been the same. Therefore, the district court did not err by refusing to enhance the defendant's sentence.
 
 E. Obstruction of Justice
 
 13
 The Government claims that the district court erred by not enhancing the defendant's sentence for obstruction of justice by suborning perjured testimony. This claim is without merit.
 
 
 14
 We review a district court's finding of fact under the clearly erroneous standard. United States v. Christman, 894 F.2d 339, 342 (9th Cir.1990).
 
 
 15
 The Government offers only conjecture to link the defendant to the alleged perjured testimony. Therefore, the district court's decision not to enhance the defendant's sentence for obstruction of justice was not clearly erroneous.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3