**UNITED STATES of America, Government,**

v.

**Norman F. HANCOCK, a.k.a Douglas Lynn Johnson, Defendant.**

**CR. No. 96–01304 ACK.**

United States District Court, D. Hawai'i.

Feb. 20, 1997.

---

Rustam Barbee, Office of the Federal Public Defender, Honolulu, for Defendant.

Shawn G. Lisle, United States Attorney, Assistant U.S. Attorneys, Honolulu, for Government.

## *ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR GOVERNMENT'S PURPORTED VIOLATION OF: (1) THE SPEEDY TRIAL ACT; (2) 18 U.S.C. § 4247; AND (3) THE MAGISTRATE'S ORDER*

KAY, Chief Judge.

### BACKGROUND

On October 8, 1996, U.S. Coast Guard Special Agent Steven Duck arrested Norman F. Hancock ("Defendant") for using false identification to cash insufficient funds at a store on Sand Island, Hawaii. Later that same day, Defendant appeared before a Magistrate whereupon a criminal complaint was filed charging Defendant with trespassing, use of false identification documents to commit fraud, and theft. The Magistrate also set a hearing concerning a motion to detain the Defendant for October 11, 1996.

On October 11, 1996, prior to the detention hearing, defense counsel moved for a competency examination of the Defendant at the Federal Medical Center at Springfield, Missouri ("FMC Springfield") because the Defendant had previously been committed to that facility. The government did not oppose the motion.

On October 16, 1996, the Magistrate granted Defendant's request and issued a written order committing the Defendant to the custody of the Attorney General for purposes of a competency examination and evaluation. Under the order, the commitment to FMC Springfield was "for a period of not more than thirty days." *See* Magistrate Judge Order dated October 16 at pg. 2. The order specifically excluded the time between October 11 and October 16 from computation under the Speedy Trial Act. *Id.*

Defendant, however, did not arrive at FMC Springfield for his competency examination until December 5, 1996. From October 8, 1996 (the date of his arrest) to October 24, 1996, Defendant was held at Halawa Medium Security Facility in Hawaii. On Octo-

ber 24, 1996, Defendant was transferred to the Alameda County Jail in California where he resided until November 16, 1996, when he was transferred to FTC, Oklahoma. From FTC Oklahoma, Defendant reached his ultimate destination of FMC Springfield.

Before his arrival at FMC Springfield, on November 26, 1996, Defendant moved to dismiss the charges because the government had failed to abide by the 30 day limitation set out in the Magistrate's commitment order. On December 16, 1996, the Magistrate orally denied the motion.[1]

On December 19, 1996, a 20 count indictment was filed against the Defendant alleging the use of false identification documents, fraud and insufficient check charges. Eight days later, on December 27, 1996, Defendant moved to dismiss the indictment on speedy trial grounds.

On January 2, 1997, the Warden of the U.S. Medical Center for Federal Prisoners wrote to the Magistrate requesting a fifteen day extension for the competency examination. On January 15, 1997, the Magistrate approved the Warden's request giving him until January 21, 1997 to complete the competency examination. On January 22, 1997, the Marshals received notice that the competency was complete.

On February 3, 1997, the Defendant filed a motion to dismiss for violation of Magistrate's order committing Defendant to Federal Medical Center and for exceeding statutory time limits for the mental examination.

On February 7, 1997, the government filed an opposition to Defendant's motion to dismiss based on speedy trial grounds. No additional opposition was filed to Defendant's motion to dismiss for violation of the Magistrate's order and for exceeding statutory time limits.

## DISCUSSION

The Court will discuss the Defendant's two motions to dismiss in the order made.

### I. *The Speedy Trial Act explicitly excludes time spent on a competency examination*

The Speedy Trial Act ("STA") mandates that an indictment or information be filed within thirty days from arrest. 18 U.S.C. § 3161(b). In this case, the Defendant was arrested on October 8, 1996 but not indicted until December 19, 1996, a span of seventy two days. Both parties agree that the three days between Defendant's arrest and the Defendant's motion for a competency examination should be charged against the 30 day limit. *See* Plaintiff's Opposition at pg. 5. The issue, therefore, is whether at least 42 days of the remaining 69 days span are excludable.

The STA contains certain exemptions which are not to be counted in "computing the time within which an information or an indictment must be filed." 18 U.S.C. § 3161(h). The first exemption is any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

Defendant does not deny that this provision applies to the competency determination undertaken here. See Defendant's Motion to Dismiss, pg. 2. Instead, Defendant argues that "18 U.S.C. § 4247(b) establishes a thirty day time limit for [sic] competency examination." *Id.* Defendant then transforms this 30 day limit of § 4247 into a limit of the time excludable under 18 U.S.C. § 3161(h)(1)(A)

Defendant's argument, however, mixes apples and oranges. Defendant correctly states that § 4247(b) sets out a thirty day limit (that may be extended) for a competency examination. That thirty day limit however applies only to § 4247, not to the STA. The STA provision concerning the exclusion of time spent on a competency examination conspicuously omits any time limit.

The Ninth Circuit has interpreted this silence as creating no limitation to the time excludable for a competency examination. *See United States v. Miranda,* 986 F.2d 1283 (9th Cir.1993) ("Congress gave no indication that 18 U.S.C. § 4247(b) modifies section 3161(h)(1)(A) ... [w]e refuse, therefore to find a limitation [in section 3161(h)(1)(A)]

**1.** On January 8, 1997, the Magistrate denied the request in a written order.

where Congress did not expressly create one.").[2] Applying this rule, the Court in *Miranda* upheld the lower court's exclusion of a 106 day delay in compiling the mental competency evaluation report.

 Under *Miranda*, this Court finds that the 69 days between the Magistrate's commitment of the Defendant on October 11, 1996 and the filing of the indictment on December 19, 1996 are excludable. It cannot be denied that the 69 day delay "result[ed] from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" as set out in 18 U.S.C. § 3161(h)(1)(A). In addition, it was the Defendant who initiated the motion and requested that he be sent to Missouri for the competency evaluation. The Court, therefore, excludes the sixty nine days from its Speedy Trial calculation. With that delay excluded, the delay between Defendant's arrest and the indictment was three days. Accordingly, the Court finds no speedy trial violation and DENIES Defendant's motion to dismiss the indictment.[3]

II. *Defendant's motion to dismiss for exceeding statutory time limits has no merit because there is no remedy for a violation of 18 U.S.C. section 4247(b)*

Defendant next attempts to dismiss the indictment because the Defendant was held in custody "well beyond the 30 day time limit of the original commitment order, and beyond the statutory maximum allowable 45–day time limit." *See* Defendant's Motion to Dismiss Filed February 3, 1996 at pg. 3.

 Defendant's argument fails for the same reason his first one did. In *Miranda* and *Fuller*, the defendants sought to interpolate the time limits of 18 U.S.C. § 4247(b) on 18 U.S.C. § 3161(h)(1)(A). Implicit in these arguments rests the axiom that 18 U.S.C. § 4247(b) by itself does not contain a remedy. If it did, there would be no need to interpolate its requirements on the STA. This fact did not go unacknowledged by the courts. In *Miranda*, the Ninth Circuit upheld a conviction although the time limits of 18 U.S.C. § 4247(b) were exceeded by 61 days. 986 F.2d at 1284. Moreover, in *Fuller*, the Court stated that "no sanction for a violation of time limits in 18 U.S.C. § 4247(b) is specified" and instead found habeas corpus to be the proper remedy. 86 F.3d at 106. In accord with these cases, the Court finds that although the time limits of 18 U.S.C. § 4247(b) have been exceeded, Defendant's motion to dismiss the indictment should be DENIED.[4]

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motions to Dismiss the indictment.

IT IS SO ORDERED.

---

**2.** The Ninth Circuit does not stand alone in holding the time of 18 U.S.C. § 4247(b) inapplicable to a speedy trial determination. *United States v. Fuller*, 86 F.3d 105, 106 (7th Cir.1996) ("To put the two statutes together, borrowing the 30 day and 45 day limits from the commitment statute for interpolation into the limitless delay provision of the Speedy Trial Act, would be an **audacious bit of judicial creativity**—and to no purpose that we can see.") (emphasis added).

**3.** The Court need not reach the government's contention that the entire delay is excludable under 18 U.S.C. § 3161(h)(1)(F) because the Court finds apposite 18 U.S.C. § 3161(h)(1)(A). The Court notes, however, that courts have previously rejected the government's position. *See e.g., United States v. Clark*, 807 F.2d 412, 413 (5th Cir.1986) (finding 18 U.S.C. § 3161(h)(1)(F) inapplicable to a competency motion because although "a judicial determination of competency may involve a hearing, one is not always required.")

**4.** The Court also finds that the government's failure to abide by the time limits of the Magistrate's order does not merit dismissing the indictment. Although the Court does not condone government's failure to abide by the Magistrate's order, dismissing the indictment would be an unwarranted boon to the Defendant.