**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Alberto PEREZ, Defendant–Appellant.**

No. 99–30277.
D.C. No. CR–98–00017–CCL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Feb. 27, 2002.

382

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,* Senior District Judge.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## ORDER

This case is hereby resubmitted effective January 18, 2002.

## MEMORANDUM**

Because the parties are familiar with the facts, we discuss only the issues raised on this appeal.

## I. PEREZ'S *APPRENDI* CLAIM

Defendant Jesus Alberto Perez was convicted on five counts, including three counts of violation of 21 U.S.C. § 841(a)(1). The court did not instruct the jury to determine the quantity of drugs involved in the offense. Based on the Presentence Report, which calculated an amount of marijuana in excess of 3000 kilograms, the court determined a Sentencing Guideline range of 360 months to life and imposed sentences of 360 months on the two drug counts and 240 months on the three money laundering counts, all to run concurrently.

■ Citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), Perez contends that, because the jury made no finding with respect to the quantity of drugs, the imposition of sentences in excess of the statutory maximum for an indeterminate quantity of drugs of 240 months was plain error. The government concedes the error but contends that it did not affect Perez's substantial rights.

Under *United States v. Buckland*, 277 F.3d 1173, 1177 (9th Cir.2002) (en banc), the government is correct. Although *Apprendi* limits Perez's sentence on each drug count to the statutory maximum of twenty years, the court was required to calculate the sentence based on the appli-

cable offense level under the Sentencing Guidelines. The Guideline applicable to a quantity in excess of 3000 kilograms of marijuana, § 2D1.1(c)(3), provides an offense level of 34. The adjustments for Perez's role in the offense and specific offense characteristics resulted in an adjusted offense level of 40. With a criminal history category of II, Perez's guideline sentencing range was 324–405 months. Under § 5G1.2(d), the district judge would have been required to impose a sentence within that range, made up of consecutive sentences none of which would have exceeded 20 years. *Buckland*, 277 F.3d at 1184–86. Because Perez's sentence of 360 months fell within the range prescribed by the guidelines, any error was harmless.

## II. PEREZ'S NON-*APPRENDI* CLAIMS

### A. *Speedy Trial Claim*

■ Perez argues that the district court should have dismissed the indictment for violation of the Speedy Trial Act ("the Act"). We review the district court's application of the Act *de novo* and its factual findings for clear error. *See United States v. Messer*, 197 F.3d 330, 336 (9th Cir.1999). The indictment was filed on August 25, 1998, and the trial began 265 days later. However, the district court properly excluded the majority of the intervening time for a variety of reasons discussed in its order denying Perez's motion to dismiss.

Perez's principal argument is that excludable time for competency examinations is limited to thirty days under 18 U.S.C. § 4247(b). The Act, however, states that delay "resulting from any proceeding, including any examinations, to determine ... mental competency," is excludable. 18 U.S.C. § 3161(h)(1)(A) (2000); *United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v. Miranda,* 986 F.2d 1283, 1284–85 (9th Cir.1993) (stating Congress gave no indication that 18 U.S.C. § 4247(b) modifies § 3161(h)(1)(A) and finding 106 days for a mental competency exam properly excluded). The Act also permits the exclusion of reasonable delays resulting from the joinder of a defendant with a co-defendant whose seventy-day period may not have run and where no motion for severance has been granted. 18 U.S.C. § 3161(h)(7). Thus, the court properly excluded the time from September 2, 1998, through January 13, 1999, for the competency examination of Perez's co-defendant. Because Perez was brought to trial within the seventy-day period, the district court did not err in denying Perez's motion to dismiss.

### B. *Failure to Give a Cautionary Instruction*

■ Perez argues that the district court erred when it failed to instruct the jury with respect to the effect of the guilty plea each time one of the cooperating witnesses testified. He claims he offered a proposed instruction modeled on Ninth Circuit Model Instruction 4.12, which deals with cooperating witnesses and guilty pleas. The court gave an almost identical cautionary instruction to the jury before deliberations. While we have recognized that " '[t]he most effective practice would be to instruct the jury when the evidence of the plea is admitted, and again in final instructions,' " we have held that giving the cautionary instruction only in the final instructions, as occurred here, is not an abuse of discretion. *United States v. Rewald,* 889 F.2d 836, 865 (9th Cir.1989), *amended by* 902 F.2d 18 (9th Cir.1990) (quoting *United States v. Halbert,* 640 F.2d 1000, 1006 (9th Cir.1981)).

### C. *Enhancement as Leader/Organizer*

■ Perez challenges the four-level enhancement for his role as a leader/organiz-er under Guideline § 3B1.1(a), contending that he served only as a mule transporting drugs for a long-standing, ongoing drug distribution network. There was evidence, however, that Perez both distributed the drugs to the network and collected the proceeds from sales, that he determined how much, to whom and where he delivered the drugs, and that he oversaw the network's operations in Montana and maintained discipline among the participants. There was sufficient evidence to support a finding that Perez exercised control and organizational authority over others. *See United States v. Avila,* 95 F.3d 887, 889–90 (9th Cir.1996). We find no clear error. *See United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999).

### D. *Enhancement for Possession of a Firearm*

■ Perez contends that the court erred in applying an enhancement for possession of a firearm pursuant to Guideline § 2D1.1(b)(1). There was evidence that Perez carried a gun in a shoulder holster while dealing with the co-conspirators, gave guns to co-conspirators, and picked up weapons and ammunition en route to collecting money. We find no clear error in the application of the gun possession enhancement. *See United States v. Cazares,* 121 F.3d 1241, 1244 (9th Cir.1997).

Having determined that any sentencing error was harmless, we affirm.

AFFIRMED.