**Carroll Steven COOKS, Petitioner—Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent—Appellee.**

No. 02–15502.

D.C. No. CV–98–00476–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

Carroll Steven Cooks, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for unlawful sale or possession of food stamps, sale or transportation of cocaine, and being an ex-felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of a § 2254 petition de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Cooks first contends that the jury's use of a magnifying glass to look at photographic evidence constituted jury misconduct. This claim is unpersuasive. *See United States v. Miranda*, 986 F.2d 1283, 1286 (9th Cir.1993) (finding no misconduct in jury's use of magnifying glass after trial court denied enlargements of photos).

Cooks next contends that the trial court erred by instructing the jury that it need not find intent to violate the law to convict him of unlawful sale and possession of food stamps. We find any error harmless, because no rational juror could have concluded that Cooks knowingly exchanged rock cocaine for food stamps without also concluding that he knew that such method of obtaining food stamps was unlawful. *See California v. Roy*, 519 U.S. 2, 4–5, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996) (per curiam) (concluding that habeas relief is available for trial error only if error had a substantial and injurious effect on the verdict).

Cooks also claims ineffective assistance of trial counsel on several grounds. However, he fails to show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Finally, Cooks contends that his lawyer was per se ineffective because he was suspended from the state bar for two weeks, while he represented Cooks, for non-payment of bar dues. Because Cooks does not show how he was prejudiced by his lawyer's temporary suspension, this claim fails as well. *See United States v. Mouzin*, 785 F.2d 682, 696–97 (9th Cir.1986) (holding that representation by a lawyer suspended from practice by a state bar does not result in per se denial of the right to counsel, and requiring that a defendant show actual errors and omissions by counsel that prejudiced him).

Because the state court's decision was neither contrary to nor an unreasonable application of clearly established Federal law, nor was it based on an unreasonable determination of the facts, the district court properly dismissed Cooks' habeas petition. *See* 28 U.S.C. § 2254(d); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).[1]

AFFIRMED.

---

Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address Cooks' Fourth Amendment claim, which is outside the scope of the certificate of appealability issued by the

---

district court. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).

