**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Domingo Jacobo CASTILLO,
Defendant—Appellant.**

No. 05–30193.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2006.

Decided July 14, 2006.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM *

Jacobo appeals his conviction and sentence for drug trafficking and conspiracy, alleging there was insufficient evidence to show that he was the person whose voice was recorded in phone calls with a confidential informant. Jacobo did not move for acquittal at the close of evidence; accordingly we review for plain error. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Evidence showed Jacobo was taped in at least three calls during a sting operation, and in those calls responded to a nickname the confidential informant had

given him during their prior acquaintance. The informant identified Jacobo's voice and photograph, and testified Jacobo used an alias associated with the phone accounts accessed in the sting operation. We are satisfied the informant was sufficiently acquainted with Jacobo to permit the jury to " 'f[ind] the essential elements of the crime beyond a reasonable doubt.' " *United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Jacobo also complains that he did not receive constitutionally effective assistance of counsel because his trial attorney failed to move for an acquittal following the close of the evidence, failed to request a mistaken identity jury instruction, and failed to object to references that his client was a fugitive. Although we generally do not entertain such claims on direct appeal, the record here is sufficiently developed to assure us that the claims have no merit. *C.f. United States v. Birges,* 723 F.2d 666, 670 (9th Cir.1984). Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Jacobo must show that trial counsel's performance "fell below an objective standard of reasonableness" and that the deficiency resulted in prejudice such that the "decision reached would reasonably likely have been different absent the errors." *Id.* at 688, 696, 104 S.Ct. 2052. Here, counsel's failure to move for acquittal was not unreasonable because the quantity of evidence was more than sufficient to present the case to the jury. Counsel was not ineffective in failing to request a mistaken identity instruction because such an instruction is unavailable in this jurisdiction. *See United States v. Miranda,* 986 F.2d 1283, 1285–86 (9th Cir. 1993) (declining to follow other circuits in

requiring mistaken identity instruction and noting that "Even where the only evidence is identification evidence, general instructions on the jury's duty to determine the credibility of the witnesses and the burden of proof are fully adequate."). Nor was the failure to object to references to Jacobo's fugitive status ineffective assistance, as there were sound tactical reasons for restraint—objections on such a minor point may come across as argumentative or may serve to highlight the information counsel seeks to suppress. We must give tactical decisions of counsel "wide latitude." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. None of these alleged errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052.

█ Finally, Jacobo claims that his sentence offends *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was issued under statutory mandatory minimums. As he concedes in his brief, this argument is clearly precluded by our holding in *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) (holding that *"Booker* does not bear on mandatory minimums"). The judgment of the district court is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.