**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30171 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00383-RSL-1 |
| v. | |
| JACK PERSHING SEXTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30172 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00383-RSL-2 |
| v. | |
| RONALD CLAUDE KETTELLS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted November 17, 2014
Portland, Oregon

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Jack Sexton and Ronald Kettells were convicted of three counts of armed bank robbery, three counts of using a firearm during and in relation to a crime of violence, and one count of conspiracy. On appeal, they challenge the denial of their motions to sever counts, to suppress evidence, and to exclude evidence of drug use, and the district court's refusal to instruct the jury on the effect of drug use on witness credibility. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** Regardless of whether it is viewed as invoking Rule 8 or Rule 14 of the Federal Rules of Criminal Procedure, the motion to sever was properly denied.

**a.** The indictment alleges that the substantive counts were committed in furtherance of a single, overarching conspiracy. The substantive counts were therefore part of a "common scheme or plan" for joinder purposes. Fed. R. Crim. P. 8(a). The defendants do not challenge the sufficiency of the evidence supporting the guilty verdict on the conspiracy count. Thus, the conspiracy count was not added in bad faith. *See United States v. Abushi*, 682 F.2d 1289, 1296 (9th Cir. 1982).

**b.** The defendants have not shown "'clear,' 'manifest,' or 'undue' prejudice from the joint trial." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (noting that establishing prejudice under Rule 14 requires more than a showing that separate trials would have yielded "a better chance for acquittal").

2

**2.** The searches conducted on the property where the defendants lived were within the scope of valid warrants.

**a.** The first warrant satisfied the particularity requirement even though the address on it stated the name of the wrong town. The address was otherwise correct, and the warrant listed other features of the property that permitted the searching officers to confirm they were at the right location. Moreover, the property was under surveillance when the defendants arrived in a car identified as the getaway vehicle from a bank robbery, and the defendants admitted that they lived at the property. There was therefore no "reasonable probability . . . that the officers [would] mistakenly search another premise." *United States v. Mann*, 389 F.3d 869, 876 (9th Cir. 2004).

**b.** The district court did not clearly err in determining that any omissions from the warrant application were at most negligent. *See United States v. Castillo*, 866 F.2d 1071, 1078 (9th Cir. 1988). Moreover, given the strength of the other evidence in the application, inclusion of the omitted information would not have undermined probable cause. *See United States v. Reeves*, 210 F.3d 1041, 1046 (9th Cir. 2000).

**c.** The first warrant authorized the search of the property where the defendants lived, and the abandoned Chevrolet Cheyenne on the property was within the scope of that authorization regardless of whether it is viewed as a vehicle or a structure. *See*

3

*United States v. Cannon*, 264 F.3d 875, 880 (9th Cir. 2001) ("[T]he Fourth Amendment is not violated by a search of the grounds or outbuildings within a residence's curtilage where a warrant authorizes a search of the residence."); *United States v. Duque*, 62 F.3d 1146, 1151 (9th Cir. 1995) ("[A] search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises.").

**d.** It strains common sense to read the phrase, "to include all travel trailers and buildings"—which appears after the address on the warrant—as excluding the Cheyenne from the scope of the warrant. *See United States v. Traylor*, 656 F.2d 1326, 1331 (9th Cir. 1981).

**e.** The defendants make no arguments relating specifically to the second warrant.

**3.** The district court did not abuse its discretion by allowing testimony regarding the defendants' drug use. Evidence of a defendant's drug habit is admissible to prove motive to commit a bank robbery. *See United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) (collecting cases). Nor did the district court err by failing to explicitly mention the Federal Rule of Evidence 403 balancing requirement in admitting this evidence. Rule 403 is satisfied if, as here, it appears from the record as a whole that the court was aware of its requirements and adequately

4

considered the question of prejudice. *United States v. Verduzco*, 373 F.3d 1022, 1029 n.2 (9th Cir. 2004).

**4.** A "witness using drugs" instruction was not required because the drug addiction of the testifying witness was disputed, defense counsel cross-examined the witness on this subject, and the court gave a general instruction on witness credibility. *See United States v. Vgeri*, 51 F.3d 876, 881 (9th Cir. 1995).

**AFFIRMED.**