[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/23/99
THOMAS  K. KAHN
CLERK

_____

No. 98-2426

_____

D. C. Docket No. 97-21-Cr-Orl-22

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JEROME WILKERSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 23, 1999)**

Before ANDERSON and HULL, Circuit Judges, and HANCOCK*, Senior District Judge.

PER CURIAM:

_____
*Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

The district court dismissed the indictment on the ground that the government had violated the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), by failing to bring him to trial within the requisite 70-day period after his initial appearance before a judicial officer. We reverse the district court because its interpretation of § 3161(c)(1) does not square with the plain language of the statute.

Wilkerson was indicted in the Middle District of Florida on February 6, 1997, on charges of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At the time of the indictment, Wilkerson was in state custody on unrelated state charges in the Northern District of Florida. When he was released from state custody on October 10, 1997, Wilkerson was brought before a federal magistrate judge in the Northern District pursuant to Fed. R. Crim. P. 40. At that hearing, the magistrate ordered that Wilkerson be detained pending trial and appointed counsel; Wilkerson waived his right to a removal hearing. On October 20, 1997, Wilkerson was transported to prison in the Middle District. Through admitted inadvertence on the government's part, Wilkerson was not brought before a magistrate judge in the Middle District until December 23, 1997, on which date he was arraigned. Wilkerson moved to dismiss the indictment on January 27, 1998, arguing that the government had failed to bring him to trial within 70 days of his initial appearance on October 10, 1997, before a magistrate judge in the Northern District. The district court granted the motion and dismissed the indictment with prejudice on February 2, 1998.

We review the district court's interpretation of the Speedy Trial Act de novo. United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997), cert. denied, 118 S. Ct. 1523 (1998). 18 U.S.C. § 3161(c)(1) provides in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from . . . the date the defendant has appeared before a judicial officer of the court in which such charge is pending . . . .[1]

Further, as a sanction the Speedy Trial Act provides that "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) . . ., the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

The outcome in this case depends on when the 70-day period commenced. If the 70-day period commenced on October 10, 1997, when Wilkerson appeared before Northern District magistrate judge, it had run completely at the time Wilkerson filed his motion to dismiss. However, if the 70-day period commenced on December 23, 1997, the date of Wilkerson's initial appearance in the Middle District, it had not so run. The district court noted two possible triggering dates: (i) October 10, 1997, when Wilkerson first appeared in the Northern District; or (ii) the date Wilkerson should have first appeared before a judicial officer in the Middle District, which the district court said was October 24, 1997, i.e., immediately after arriving in the Middle District. Under either of these theories, the 70-day period had expired without Wilkerson having been brought to trial.

---

[1] Section 3161(c)(1) also provides that the 70-day period may begin to run on the date the indictment or information is filed, if that date occurs after the defendant first appeared before a judicial officer of the court. This alternative starting date is not relevant to this appeal because Wilkerson's February 6, 1997, indictment predated his appearance before a judicial officer.

The district court's interpretation of the statute was erroneous. First, the statute does not say anything about the date a defendant "should have been" brought before a judicial officer, and such an indefinite time would not function well as a triggering date for the 70-day period. Second, the plain language of the statute establishes the triggering date as "the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1) (emphasis added). Under this language, the period could not have commenced on the date of Wilkerson's appearance before the magistrate judge in the Northern District, because the charge of possession of firearms by a convicted felon was pending in the Middle District. Rather, the period commenced on December 23, 1997, when Wilkerson first appeared before a judicial officer in the Middle District. The government had 70 days following December 23 in which to bring Wilkerson to trial, so the February 2, 1998, dismissal was premature.

Indeed, we so held in United States v. O'Bryant, 775 F.2d 1528 (11th Cir. 1985). There, the defendant was indicted in the Middle District of Florida but arrested in Maryland. The defendant (I) appeared before a federal magistrate in Maryland on May 13, 1983, and (ii) appeared before a federal magistrate in the Middle District of Florida on March 15, 1984, and (iii) the trial commenced on July 2, 1984. If the appearance in Florida was the triggering date, the trial fell within the 70-day period after various adjustments were made to the period pursuant to § 3161(h)'s tolling provisions. However, if the appearance in Maryland was the triggering date, the trial occurred too late. We held that § 3161(c)(1) mandates that the "seventy day clock does not begin running until a defendant has appeared in the court where the charges are pending." Id. at 1531. Accord United States v. Young, 814 F.2d 392, 395

4

(7th Cir.), <u>cert. denied</u>, 484 U.S. 838 (1987); <u>United States v. Wilson</u>, 720 F.2d 608, 609 (9th Cir. 1983), <u>cert. denied</u>, 465 U.S. 1034 (1984).

In conclusion, we find that the district court erred in its application of the Speedy Trial Act.[2] Without condoning the regrettable delay that occurred between Wilkerson's arrival in the Middle District and his initial appearance before a magistrate judge there, we do not have license to disregard the plain language of § 3161(c)(1).[3] Because there was no violation of the Speedy Trial Act, we need not consider the parties' arguments about what would be an appropriate remedy. The judgment of the district court is REVERSED and REMANDED, with instructions to reinstate the indictment.

REVERSED AND REMANDED.

---

[2] We have considered the other arguments made by Wilkerson in support of dismissal and find them to be without merit.

[3] We will not speculate here as to other statutes that may be applicable or other arguments that defendants could make if aggrieved by undue pre-initial appearance delay.