**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4480**

───────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

HUMBERTO LONGORIA MORENO,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.   Martin K. Reidinger, District Judge. (2:10-cr-00014-MR-6)

───────────

Submitted:  July 10, 2013              Decided:  July 25, 2013

───────────

Before DUNCAN, DAVIS, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Denzil H. Forrester, DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Humberto Longoria Moreno of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2006), and money laundering, in violation of 18 U.S.C.A. § 1956 (West 2006 & Supp. 2013). The district court sentenced Moreno to a total of 151 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Moreno first argues that the district court erred in denying his motion to dismiss the indictment for violation of the Speedy Trial Act. "We 'review de novo the district court's interpretation of the Speedy Trial Act.'" United States v. Rodriguez-Amaya, 521 F.3d 437, 440 (4th Cir. 2008) (quoting United States v. Bush, 404 F.3d 263, 272 (4th Cir. 2005)). The Speedy Trial Act provides that:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer in the court in which such charge is pending, whichever date last occurs.

18 U.S.C.A. § 3161(c)(1) (West Supp. 2013). However, periods of delay are excludable from this calculation if they result from the court's granting of a defendant's motion for a continuance, provided that the court grants the motion "on the basis that the ends of justice served by taking such action outweigh the best

2

interest of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161(h)(7)(A) (West Supp. 2013).

Here, Moreno was indicted in North Carolina, but was arrested in Texas in September 2010 and initially appeared in a district court in that state. His initial appearance in the district court in North Carolina occurred on March 14, 2011, and his trial, prior to his motion for a continuance, was set for the May 2011 court term. We conclude that the district court did not err in concluding that Moreno's initial appearance "before a judicial officer in the court in which such charge [was] pending" was on March 14, 2011, when he appeared before the court in North Carolina. See United States v. Wilkerson, 170 F.3d 1040, 1041-42 (11th Cir. 1999) (date for Speedy Trial Act commences upon initial appearance in court where charges are pending, and not in court from which the case is transferred). As the delay between the initial trial date and the ultimate date of trial is excludable under the Act because it was due to the district court's granting of Moreno's motion for a continuance in the interests of justice, Moreno's rights under the Speedy Trial Act were not violated.

Moreno next argues that the Government violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963) by failing to tender to the defense all the memoranda of interviews conducted by federal agents with Moreno's coconspirators. "In

3

*Brady*, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'" <u>United States v. Caro</u>, 597 F.3d 608, 619 (4th Cir. 2010) (citing <u>Brady</u>, 373 U.S. at 87).

In order to establish a <u>Brady</u> violation, Moreno must demonstrate that the evidence at issue is favorable to him, either because it is exculpatory or impeaching; the evidence was suppressed by the Government; and that he was prejudiced by that suppression. <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999). Favorable evidence is material if the defendant can demonstrate that there is a reasonable probability that, had the evidence been disclosed, the outcome of the proceeding would have been different. <u>Caro</u>, 597 F.3d at 619. We have thoroughly reviewed the record and conclude that Moreno has failed to demonstrate that the Government failed to comply with its obligations under <u>Brady</u>.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

4