[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11338

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRISTIAN VIERA-GONGORA,
a.k.a. Cristian Viera-Gongara,
PABLO DAVID ZAMORA-MIRANDA,
VIRGILIO VALENCIA-GAMBOA,
a.k.a. Virgilo Valencia-Gamboa,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00121-CEH-JSS-3

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Cristian Viera-Gongora, Virgilio Valencia-Gamboa, and Pablo David Zamora-Miranda appeal their convictions for conspiracy to possess with intent to distribute, and possessing with intent to distribute, five kilograms or more of cocaine while on board a vessel subject to the United States's jurisdiction, in violation of 46 U.S.C. §§ 70503(a), 70506(a) & (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

Together, the defendants make three arguments on appeal. First, they argue that the district court lacked jurisdiction to hear the charges against them because Congress, in the Maritime Drug Law Enforcement Act, exceeded its authority under the Constitution's Felonies Clause by defining "vessels without nationality" to include vessels that are not recognized as stateless under international law. Second, they argue that the district court abused its discretion by denying their request to introduce testimony about their knowledge of the type and weight of the controlled substances involved in the offense and by denying their motion for special jury instructions about a mens rea requirement for the type and weight of the drugs involved in the offense. Third,

Viera-Gongora argues that the district court erred by denying his motion under the Speedy Trial Act to dismiss the indictment. Because all three arguments are foreclosed by precedent, we affirm.

## I

All three defendants argue that the district court lacked jurisdiction to hear the charges against them because a part of the Maritime Drug Law Enforcement Act exceeds Congress's authority under the Constitution's Felonies Clause.[1] U.S. Const. art I, § 8, cl. 10 ("The Congress shall have Power . . . To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations."). In particular, they insist that Congress's Felonies-Clause power is constrained by principles of international law, and that the definition of "vessel without nationality" found in 46 U.S.C. § 70502(d)(1)(C) is inconsistent with international law. But we recently considered and rejected precisely this argument, holding that Congress "did not act beyond the grant of authority in the Felonies Clause when defining . . . a 'vessel without nationality.'" *United States v. Canario-Vilomar*, — F.4th —, 2025 WL 517060, at *1 (11th Cir. Feb. 18, 2025). The defendants' Felonies-Clause argument is, therefore, firmly foreclosed by our precedent.

---

[1] We review a district court's subject-matter jurisdiction de novo. *United States v. Iguaran*, 821 F.3d 1335, 1336 (11th Cir. 2016). We likewise normally review de novo the constitutionality of a criminal statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

## II

Generally, "[a] criminal defendant has the right to have the jury instructed on her theory of defense, separate and apart from instructions given on the elements of the charged offense." *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995).[2]  But a "district court's refusal to deliver a requested instruction constitutes reversible error only if the instruction (1) is correct, (2) is not substantially covered by other instructions which were delivered, and (3) deals with some point in the trial so vital that the failure to give the requested instruction seriously impaired the defendant's ability to defend." *Id.* (quotation marks omitted).

The defendants here requested special jury instructions (and made a related request to introduce testimony) about their mens rea with respect to the specific type and weight of drugs involved in the charged offense.  Because the requested instructions were not correct as a matter of law, the district court did not abuse its discretion by denying the request.  Precedent dictates that the government needed to prove beyond a reasonable doubt only that the defendants knew that they were transporting a controlled substance—not which specific controlled substance they

---

[2] We review evidentiary rulings for an abuse of discretion. *United States v. Cohen*, 888 F.2d 770, 774 (11th Cir. 1989).  We review de novo whether jury instructions correctly state the law. *United States v. Hill*, 643 F.3d 807, 850 (11th Cir. 2011).  But a district court's refusal to give a requested instruction is reviewed for abuse of discretion. *Id.*  Jury instructions are also subject to harmless-error review. *United States v. Seabrooks*, 839 F.3d 1326, 1332 (11th Cir. 2016).

were transporting.  As we held in *United States v. Nunez*, in the context of the Maritime Drug Law Enforcement Act, the government "ordinarily must prove only that the defendants knew they were transporting a controlled substance, not that they knew the controlled substance was cocaine."  1 F.4th 976, 989 (11th Cir. 2021); *see also McFadden v. United States*, 576 U.S. 186, 192 (2015); *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021).  Therefore, here, because the government didn't need to prove as an element of the charged offense that the defendants had the intent to transport a particular amount of cocaine, the defendants had no right to jury instructions requiring a mens-rea finding about the drug quantity and type.  *See Ruiz*, 59 F.3d at 1154.

Applying the above reasoning, the district court also did not abuse its discretion by denying without prejudice the defendants' related request to introduce testimony about their knowledge of the type and weight of the controlled substances involved in the offense.  *See United States v. Cohen*, 888 F.2d 770, 774 (11th Cir. 1989).

To the extent that it counsels a contrary conclusion about the jury-instruction or testimony requests, our decision in *United States v. Narog*, 372 F.3d 1243 (11th Cir. 2004), does not bind us.  As *Nunez* explained, "*Narog* is contrary to our earlier precedents" about mens rea and controlled substances.  1 F.4th at 990 (citing *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990)).

Therefore, as a result of our prior-panel precedent rule, as relevant here, "*Narog* is not binding." *Id.* at 991.

### III

Lastly, Viera-Gongora argues that the district court should have dismissed the charges against him because the government violated the Speedy Trial Act.[3]  Under the Act, in a case where a defendant charged in an indictment enters a non-guilty plea:

> trial of [the] defendant . . . shall commence seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  If a defendant is not brought to trial within the time limit required under the statute, the remedy is dismissal of the charges.  *Id.* § 3162(a)(2).  We have emphasized that, as relevant here, "the plain language of the statute establishes the triggering date as 'the date the defendant has appeared before a judicial officer of the court *in which such charge is pending.*'"  *United States v. Wilkerson*, 170 F.3d 1040, 1042 (11th Cir. 1999) (quoting 18 U.S.C. § 3161(c)(1)).

---

[3] We review a district court's denial of a motion to dismiss based on a violation of the Speedy Trial Act de novo, while any factual determinations about excludable time are reviewed for clear error.  *United States v. Ammar*, 842 F.3d 1203, 1208 (11th Cir. 2016).

22-11338               Opinion of the Court                    7

That plain text fully supports the district court's denial of Viera-Gongora's motion to dismiss. Section 3161(c)(1) provides that a defendant's trial must commence within 70 days from either the indictment's filing or from the date when the defendant appears before a judicial officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1); *Wilkerson*, 170 F.3d at 1042. Here, Viera-Gongora was charged in the Middle District of Florida. He first appeared before a Middle District judicial officer when he was arraigned before a Middle District magistrate judge on August 24, 2021. That is later than the date on which he was indicted, and therefore August 24, 2021 is the date on which the 70-day clock began to run. *See* 18 U.S.C. § 3161(c)(1). And because Viera-Gongora's stipulated-facts bench trial hearing took place on October 28, 2021, which is within the 70-day period, his Speedy Trial Act rights were not violated.

Viera-Gongora points out that the Act provides that "[a]ny period of delay resulting from proceedings concerning the defendant" shall be excluded when computing the time within which a trial must commence, including but not limited to:

> (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

> (F) delay resulting from transportation of any defendant from another district . . . except that time consumed in excess of ten days from the date of an order of removal . . . and the defendant's arrival at

the destination shall be presumed to be unreasonable.

*Id.* § 3161(h)(1), (h)(1)(E)–(F). In Viera-Gongora's case, there was a rather lengthy delay between his initial appearance in the Southern District of Florida and his arraignment in the Middle District. He seems to argue that, by virtue of § 3161(h)(1)(E)–(F)'s treatment of delays resulting from transfer or transportation, the Speedy Trial Act implicitly provides that his speedy-trial clock should have started to run at some point earlier than his August 24, 2021 arraignment. But the statutory text leaves no doubt about when the clock starts to run. As we said in *Wilkerson*, "the statute does not say anything about the date a defendant 'should have been' brought before a judicial officer, and such an indefinite time would not function well as a triggering date for the 70–day period." 170 F.3d at 1040. Here, again, "the plain language of the statute establishes the triggering date as 'the date the defendant has appeared before a judicial officer of the court *in which such charge is pending.*'" *Id.* (quoting 18 U.S.C. § 3161(c)(1)). The relevant date for Viera-Gongora, therefore, is August 24, 2021.

Viera-Gongora's invocations of *Bloate v. United States*, 559 U.S. 196 (2010), and *United States v. Turner*, 602 F.3d 778 (6th Cir. 2010), do not persuade us otherwise. *Bloate* was about a completely different issue: whether a delay resulting from a district court's order granting parties time to prepare pretrial motions was automatically excludable under the Speedy Trial Act. *See* 559 U.S. at 199. *Turner*, in addition to being a non-binding Sixth Circuit decision, involved a claim brought by a defendant about a de-

22-11338                Opinion of the Court                9

lay that occurred *after* the 70-day statutory period was triggered. 602 F.3d at 782–83.  Accordingly, Viera-Gongora hasn't identified any errors in the district court's denial of his motion to dismiss.

## IV

For the foregoing reasons, hold as follows:  First, as we have already held, the Maritime Drug Law Enforcement Act's definition of "vessel without nationality" is consistent with Congress's Felonies Clause power.  Second, the district court did not commit any reversable error in rejecting the defendants' requests for jury instructions and testimony about drug types and quantities.  And, third, there was no violation of Viera-Gongora's Speedy Trial Act rights.

**AFFIRMED.**